STATE OF NORTH CAROLINA v. MONTREZ BENJAMIN WILLIAMS, Defendant

No. COA11-1496

(Filed 17 April 2012)

### 1. Evidence—witness testimony—prior crimes or bad acts— opened the door

The trial court did not commit plain error in a first-degree murder case when it allowed the State to introduce evidence that defendant had been charged with and convicted of crimes involving armed robberies. Defendant's mother's testimony as to his peaceful nature opened the door to the State's cross examination as to his prior crimes. Further, the State did not seek to introduce

**STATE v. WILLIAMS**

[220 N.C. App. 130 (2012)]

any portion of defendant's juvenile *record,* so no *in camera* hearing was needed under N.C.G.S. § 7B-3000(f) and the evidence fell squarely under Rule 404(a).

**2. Evidence—witness testimony—co-defendant in prison for murder—no plain error**

Defendant's argument in a first-degree murder case that the trial court committed plain error when it allowed the State to introduce evidence that defendant's "co-defendant" was already in prison for murder was overruled. Even assuming that the person characterized as a "co-defendant" was involved in the same events for which defendant was charged, and that the trial court erred in allowing evidence of this co-defendant's prior conviction for murder, in light of the remaining evidence, any alleged error by the trial court did not amount to plain error.

Appeal by defendant from judgments entered 15 June 2011 by Judge Hugh B. Lewis in Superior Court, Mecklenburg County. Heard in the Court of Appeals 22 March 2012.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Lars F. Nance, for the State.*

*Glenn Gerding, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his two convictions for first degree murder. For the following reasons, we find no error.

I. Background

The State's evidence tended to show that on 1 July 2008, defendant confessed to shooting two people in self-defense; an eyewitness told detectives that defendant had committed the shootings. No weapons were found on or around either of the victims and both were shot more than once. On or about 14 July 2008, defendant was indicted for two counts of murder. On 25 May 2011, defendant filed notice that he "intend[ed] to offer the defense of self-defense[.]" After a trial by jury, defendant was found guilty of two counts of first degree murder. Defendant was twice sentenced to life imprisonment without parole. Defendant appeals.

## II.  Standard of Review

Defendant argues only plain error before this Court.

> The plain error rule is always to be applied cautiously and only
> in the exceptional case where, after reviewing the entire
> record, it can be said the claimed error is a fundamental error,
> something so basic, so prejudicial, so lacking in its elements
> that justice cannot have been done, or where the error is grave
> error which amounts to a denial of a fundamental right of the
> accused, or the error has resulted in a miscarriage of justice or
> in the denial to appellant of a fair trial or where the error is
> such as to seriously affect the fairness, integrity or public rep-
> utation of judicial proceedings or where it can be fairly said
> the instructional mistake had a probable impact on the jury's
> finding that the defendant was guilty.

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation,
quotation marks, ellipses, and brackets omitted).

## III.  Other Crimes

**[1]**  Defendant called his mother to testify as to his character, and she
specifically described defendant as a "peacemaker" and stated that
she had not seen any "kind of violent part in" defendant. On cross
examination, the State questioned defendant's mother as to her
knowledge that defendant had previously been "convicted of crimes"
including armed robberies and that he had "pistol whipped" a person;
defendant's mother acknowledged most of these actions by defend-
ant but held to her testimony as to defendant's peaceful nature.
Defendant first contends that "the trial court committed plain error
when it allowed the State to introduce evidence . . . [defendant] had
been charged with and convicted of crimes involving armed robberies
even though . . . [defendant] never testified." (Original in all caps.)

N.C. Gen. Stat. § 8C-1, Rule 404 provides in pertinent part as follows:

>        (a)  Character evidence generally.—Evidence of a person's
> character or a trait of his character is not admissible for the
> purpose of proving that he acted in conformity therewith on a
> particular occasion, except:
>
>> (1)  Character of accused.—Evidence of a pertinent trait of
>> his character offered by an accused, or by the prose-
>> cution to rebut the same[.]

N.C. Gen. Stat. § 8C-1, Rule 404(a)(1) (2007). N.C. Gen. Stat. § 8C-1, Rule 405(a) provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." N.C. Gen. Stat. § 8C-1, Rule 405(a) (2007).

Defendant argues that his mother's testimony as to his peaceful nature did not "open the door" to the State's cross examination as to his prior crimes; we disagree. In *State v. Roseboro*, 351 N.C. 536, 528 S.E.2d 1, *cert. denied*, 531 U.S. 1019, 148 L.Ed. 2d 498 (2000), our Supreme Court determined that evidence of defendant's prior violent acts against his wife was admissible, as defendant had called witnesses to testify to his peaceful nature:

> A criminal defendant is entitled to introduce evidence of his good character, thereby placing his character at issue. The State in rebuttal can then introduce evidence of defendant's bad character. Such evidence offered by the defendant or the prosecution in rebuttal must be a pertinent trait of his character. . . . Defendant placed his character at issue by having members of his family testify about his reputation for nonviolence or peacefulness, a pertinent trait of his character. In accordance with Rule 405(a), the prosecutor then cross-examined these witnesses about whether they knew of or had heard any accusations that defendant had hit or been violent toward his wife.
>
> Defendant argues that the prosecutor failed to limit his inquiry only to specific instances of misconduct by defendant by asking very general questions about whether the witnesses knew about any violence in the marriage or allegations of violence. Given that defendant's character witnesses testified that defendant was not a violent person, the prosecution was entitled to probe their knowledge of defendant's violence in his marriage. Such an inquiry was directed at specific instances of defendant's misconduct in the context of his marriage, not just general charges of violent behavior. On this basis, defendant's argument that the prosecutor elicited irrelevant information concerning problems in defendant's marriage is without merit.

351 N.C. 536, 553, 528 S.E.2d 1, 12 (citations and quotation marks omitted). Just as in *Roseboro*, here defendant's mother also testified that defendant was not a violent person, placing "a pertinent trait of

his character" at issue. *Id.* The State's questions regarding defendant's prior crimes fall squarely under Rule 404(a)(1), as they were in rebuttal to the defendant's character evidence as to his peaceful nature.

Defendant further argues that even if his mother's testimony "opened the door" to the State's cross examination, his prior crimes were juvenile adjudications, and the use of evidence of a juvenile adjudication is limited by N.C. Gen. Stat. § 7B-3000(f), which provides:

> The juvenile's record of an adjudication of delinquency for an offense that would be a Class A, B1, B2, C, D, or E felony if committed by an adult may be used in a subsequent criminal proceeding against the juvenile either under G.S. 8C-1, Rule 404(b), or to prove an aggravating factor at sentencing under G.S. 15A-1340.4(a), 15A-1340.16(d), or 15A-2000(e). The record may be so used only by order of the court in the subsequent criminal proceeding, upon motion of the prosecutor, after an in camera hearing to determine whether the record in question is admissible.

N.C. Gen. Stat. § 7B-3000(f) (2007). Defendant argues that even if his prior adjudications were admissible, the trial court failed to hold an *in camera* hearing to determine the admissibility of his juvenile record.

Defendant's reliance upon N.C. Gen. Stat. § 7B-3000(f) is misplaced for two reasons. First, N.C. Gen. Stat. § 7B-3000(f) specifically addresses the use of juvenile court *records.* N.C. Gen. Stat. § 7B-3000(a) defines the juvenile "record" as this term is used by N.C. Gen. Stat. § 7B-3000(f):

> The clerk shall maintain a complete record of all juvenile cases filed in the clerk's office to be known as the juvenile record. The record shall include the summons and petition, any secure or nonsecure custody order, any electronic or mechanical recording of hearings, and any written motions, orders, or papers filed in the proceeding.

N.C. Gen. Stat. § 7B-3000(a) (2007).

The State did not seek to introduce any portion of defendant's juvenile *record,* so no *in camera* hearing was needed. *See* N.C. Gen. Stat. § 7B-3000(f). Juvenile records include far more information than the simple fact of an adjudication. *See* N.C. Gen. Stat. § 7B-3000(a). The State's questions on cross examination only inquired as to defendant's mother's knowledge of defendant's prior crimes. Secondly, N.C. Gen. Stat. § 7B-3000(f) mentions use of juvenile records under Rule

404(b), not Rule 404(a)(1), and this evidence falls squarely under Rule 404(a), not Rule 404(b).[1] Accordingly, this argument is overruled.

## IV.  Co-Defendant in Prison

**[2]**  During defendant's trial, on direct examination by the State, Ms. Shay Hammond testified that on the day of the murders she had seen defendant with "Black." The State questioned Ms. Hammond about Black's current whereabouts and she testified that he was in prison for "[s]everal things" including murder. Defendant also contends "the trial court committed plain error when it allowed the State to introduce evidence . . . [defendant's] co-defendant was already in prison for murder." (Original in all caps.) We note that there is no evidence in the record before us that defendant had a co-defendant; our record indicates defendant was tried alone. It is also not clear from the testimony that the "murder" Black was imprisoned for was the same incident which led to defendant's charges. However, assuming that the person characterized as a "co-defendant" was involved in the same events for which defendant was charged, and that the trial court erred in allowing in evidence of this co-defendant's prior conviction for murder, in light of the evidence we have already noted, including defendant's confession, the fact that no weapons were found on or around either of the victims, and the evidence presented showing both of the victims were shot more than once, we cannot say any alleged error by the trial court amounted to plain error. *See id.*

## V.  Conclusion

For the foregoing reasons, we find no plain error.

NO ERROR.

Judges ELMORE and STEELMAN concur.

---

1. We note that although Rule 404(b) is not applicable in this case, some juvenile records are admissible under Rule 404(b), including evidence of "an offense that would be a Class A, B1, B2, C, D, or E felony if committed by an adult[.]" N.C. Gen. Stat. § 7B-3000(f).